242.     Non-Participating Candidate Plaintiff will register to run for office for City Council in the 2009 election.  He does not currently hold office, and so will run as a challenger.  He will not elect to participate in public financing, but will run as a non-participating candidate.  He will seek contributions from contributors, and reasonably believes that he will be able to raise in excess of one hundred thousand dollars ($100,000) in support of his campaign.

243.     Section 3-705(7) provides that the amount of public funds a participating candidate is eligible to receive increases when the Board determines that his or her opponent or his or her opponents authorized committees "have spent or contracted or *have obligated to spend* . . ." above a threshold amount.  Code, § 3-705(7)(a).  It is unclear from the Act how "have obligated to spend" differs from "contracted to spend."  This section is unconstitutionally vague, leaving Non-Participating Candidate Plaintiff with no way to know when his political speech may trigger additional public funds for his opponent.

244.     Section 3-705(7)(b)(1) provides a second opportunity for a participating candidate to receive additional public money to support his or her campaign against a non-participating opponent.  To qualify for this extra public money, the participating candidate must submit to the Board a certified signed statement that he or she needs additional public funds, and must demonstrate for the Board that his or her non-participating opponent has the *"ability to self finance."*  Code, § 3-705(7)(b)(1).  The Act does not explain what "the ability to self finance" means, or when this standard has been met.  This language is unconstitutionally vague.

245.     In addition to being unconstitutionally vague, the Triggering Provision of section 3-705(7) is also unconstitutionally overbroad because it unconstitutionally burdens substantially more

**COMPLAINT**                              77

associational and speech rights than could possibly be justified by any proffered governmental interest.

246.   WHEREFORE, Plaintiffs respectfully pray the Court to:

(1)   Declare Code, § 3-705(7) facially unconstitutional and unconstitutional as applied;

(2)   Grant Plaintiffs their costs of this action, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

(3)   Grant Plaintiffs such other relief as may be just and equitable.

## COUNT XIII

**THE TRIGGERING PROVISIONS PROVIDED BY SECTION 3-706(3) IMPERMISSIBLY CHILLS THE POLITICAL SPEECH OF CANDIDATES AND THE SPEECH AND ASSOCIATIONAL RIGHTS OF CONTRIBUTORS.**

247.   Plaintiffs re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

248.   Non-Participating Candidate Plaintiff will register to run for office for City Council in the 2009 election. He does not currently hold office, and so will run as a challenger. He will not elect to participate in public financing, but will run as a non-participating candidate. He will seek contributions from contributors, and reasonably believes that he will be able to raise in excess of one hundred thousand dollars ($100,000) in support of his campaign.

249.   Contributor Plaintiffs support candidates with whom they agree on political issues, irrespective of whether they are participating or non-participating candidates. They intend to contribute money to the candidate(s) of their choice in the upcoming New York City elections.

**COMPLAINT**                    78

250.    The two Triggering Provisions of section 3-706(3) provide that when Non-Participating Candidate Plaintiff spends or becomes obligated to spend above a certain threshold amount, or when he raises contributions above a certain threshold amount, his participating opponents will receive extra public funds in matching money and will also have their expenditure limits raised or even eliminated.   The threshold amount is as low as a penny over fifty percent of the applicable expenditure limit for the office.  Code, § 3-706(3).  Because Non-Participating Candidate Plaintiff intends to run for City Council, the first trigger will be tripped when he raises or spends in excess of $80,500.

251.    Under the Act, participating candidates are already eligible to receive six dollars ($6) for every one dollar ($1) of matchable contributions, up to one thousand fifty dollars ($1,050) in public funds per contributor.  Code, § 3-705(2)(a).  When the first trigger is tripped, as Non-Participating Candidate Plaintiff reasonably believes it will be, his participating opponents will be eligible to receive up to one thousand two hundred fifty dollars ($1,250) in public funds per contributor, *and* will have their expenditure limits increased to one hundred fifty percent (150%) of the usual expenditure limit for the given office.  Additionally, the total amount of public money for which his participating opponent is eligible will increase from the usual one-quarter of fifty-five percent of the applicable expenditure limit, to sixty-seven percent of the applicable expenditure limit. Code, § 3-706(3)(a)(iii).  In other words, his participating opponents will be eligible to receive $107,870 in public funds, because Non-Participating Candidate Plaintiff raised or spent $80,500.

252.    If Non-Participating Candidate Plaintiff raises or spends an amount which exceeds three times the total applicable expenditure limit for the office for which he is running, his participating opponents will be eligible to receive up to one thousand five hundred dollars ($1,500)

**COMPLAINT**                        79

in public funds per contributor, *and* will no longer be subject to expenditure limits.   Additionally, the total amount of public money for which his participating opponent is eligible will increase from the usual one-quarter of fifty-five percent of the applicable expenditure limit, to one hundred twenty-five percent of the applicable expenditure limit.  Code, § 3-706(3)(b)(iii).

253.    The Triggering Provision acts to unconstitutionally chill Non-Participating Candidate Plaintiff's political speech with regard to his expenditures.  He cannot spend money that he raises on his campaign without risking tripping the trigger and assisting his participating opponents.  He cannot even spend his own money on his campaign without suffering that risk.   This unconstitutionally chills Non-Participating Candidate Plaintiff's speech, making it impossible for him to speak without worrying about potentially assisting his opponents, and is not narrowly tailored to a compelling governmental interest.

254.    The Triggering Provision also acts as an impermissible expenditure limit, both on Non-Participating Candidate Plaintiff's ability to spend money that he raises from others, and also on his ability to spend his own money on his campaign.

255.    The Triggering Provision also acts to burden Contributor Plaintiffs' rights of speech and association.  They cannot contribute to non-participating candidates of their choice without risking that they will inadvertently assist their chosen candidates' opponents. This unconstitutionally chills their speech and associational rights, and is not closely drawn to a sufficiently important governmental interest.

256.    The Triggering Provisions of section 3-706(3) are also unconstitutionally overbroad because they unconstitutionally burden substantially more associational and speech rights than could possibly be  justified by any proffered governmental interest.

**COMPLAINT**                                          80

257.   WHEREFORE, Plaintiffs respectfully pray the Court to:

   (1)   Declare Code, § 3-706(3) facially unconstitutional and unconstitutional as

         applied;

   (2)   Grant Plaintiffs their costs of this action, including reasonable attorney's fees,

         pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

   (3)   Grant Plaintiffs such other relief as may be just and equitable.

## COUNT XIV

**THE TRIGGERING PROVISIONS PROVIDED BY SECTION 3-706(3) IS
IMPERMISSIBLY VAGUE.**

258.   Plaintiffs re-allege and incorporate by reference all of the allegations contained in all

of the preceding paragraphs.

259.   Non-Participating Candidate Plaintiff will register to run for office for City Council

in the 2009 election. He does not currently hold office, and so will run as a challenger. He will not

elect to participate in public financing, but will run as a non-participating candidate. He will seek

contributions from contributors, and reasonably believes that he will be able to raise in excess of one

hundred thousand dollars ($100,000) in support of his campaign.

260.   The Triggering Provisions of Section 3-706(3) are triggered when a participating

candidate's non-participating opponent and/or authorized committees "have spent or contracted or

*have obligated to spend . . .*" above the applicable threshold amounts. It is unclear from the Act how

"have obligated to spend" differs from "contracted to spend." This section is unconstitutionally

vague, leaving Non-Participating Candidate Plaintiff with no way to know when his political speech

may trigger additional public funds for his opponent.

**COMPLAINT**                    81

261.    In addition to being unconstitutionally vague, the Triggering Provisions of section 3-706(3) are also unconstitutionally overbroad because they unconstitutionally burden substantially more associational and speech rights than could possibly be justified by any proffered governmental interest.

262.    WHEREFORE, Plaintiffs respectfully pray the Court to:

(1)    Declare Code, § 3-706(3) facially unconstitutional and unconstitutional as applied;

(2)    Grant Plaintiffs their costs of this action, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

(3)    Grant Plaintiffs such other relief as may be just and equitable.

## COUNT XV

### SECTION 3-709.5 IMPERMISSIBLY COMPELS PARTICIPATION IN PUBLIC FINANCING.

263.    Plaintiffs re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

264.    Non-Participating Candidate Plaintiff intends to run for City Council as a non-incumbent, non-participating candidate in 2009.  Because he is running as a challenger, it is imperative that he be able to get name recognition with voters and allow them to hear his message; for, as Defendants acknowledge, "the strongest predictor of electoral success is incumbency." NEW YORK CITY CAMPAIGN FINANCE BOARD, THE IMPACT OF HIGH-SPENDING NON-PARTICIPANTS ON THE CAMPAIGN FINANCE PROGRAM 3 (2006).

**COMPLAINT**                              82

265.    The Act establishes mandatory debates, in which participating candidates are required to participate.  Code, § 3-709.5(1)(a).  In the case of a primary, the debate shall be among the participating candidates who are seeking nomination of the same political party.  Code, § 3-709.5(1)(c).  Defendants delegate authority for promulgating rules for the debates to whichever organizations are chosen to sponsor the debates. Code, § 3-709.5(4).  The debate sponsors and the Campaign Finance Board shall together establish "non-partisan, objective, and non-discriminatory criteria" for determining which participating candidates are eligible to take part; and, only those participating candidates who meet the established criteria may take part. Code, § 3-709.5(5)(b)(i).  For each debate, the Board shall provide the sponsor with a list of all eligible participating and limited participating candidates.  Code, § 3-709.5(8).

266.    Non-participating candidates, however, are not guaranteed a place in the debate, even if they meet all the "non-partisan, objective, and non-discriminatory criteria" established by the sponsors and the Board. Code, § 3-709.5(5)(b)(ii).  Nor is the Board required to provide the debate sponsor with a list of non-participating candidates so as to alert the sponsor as to who the non-participating candidates are.

267.    Because Non-Participating Candidate Plaintiff intends to run for nomination for office as a non-participating candidate, he faces the danger of being excluded from the debate, even if he meets all the objective criteria.  Non-Participating Candidate Plaintiff will suffer irreparable harm if he is not allowed to participate in the debate, because the sponsored debates are one of the chief ways by which candidates get their message out to the voters and establish name recognition.  Yet, the Act provides him no assurance that he will be allowed to participate in the debate if he meets all the requirements.

**COMPLAINT**                              83

268.    Under *Buckley*, public funding systems are unconstitutional if they are not voluntary. Yet section 3-709.5 coerces candidates, such as Non-Participating Candidate Plaintiff, to participate in the public financing Program by denying them the promise of participation in the City sponsored debates unless they choose to become participating candidates.  During the primary race especially, but also during the general race as well, participation in the debates can be crucial to a candidate's ability to establish name-recognition with the electorate and communicate his message.  The potential exclusion of Non-Participating Candidate Plaintiff, and the coercion it produces, unconstitutionally infringes upon Non-Participating Candidate's First Amendment freedom to choose not to participate in public financing, as explained by *Buckley*.

269.    Section 3-709.5 is also unconstitutionally overbroad because it unconstitutionally burdens substantially more First Amendment rights than could possibly be justified by any proffered governmental interest.

270.    WHEREFORE, Plaintiffs respectfully pray the Court to:

(1)    Declare Code, § 3-709.5 facially unconstitutional and unconstitutional as applied;

(2)    Grant Plaintiffs their costs of this action, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

(3)    Grant Plaintiffs such other relief as may be just and equitable.

**COMPLAINT**                                    84

## COUNT XVI

**THE REPORTING REQUIREMENT IMPOSED BY SECTION 3-703(6) IS UNCONSTITUTIONAL BOTH FACIALLY AND AS APPLIED.**

271.    Plaintiffs re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

272.    Section 3-703(6) requires candidates and their committees to report, for every contribution, "the full name, residential address, occupation, employer, and business address" of each contributor.  Code, § 3-703(6)(a).  However, the occupation, employer, and business address of contributors making contributions aggregating not more than ninety-nine dollars ($99) need not be disclosed, *unless* the contributor is employed by a participating or limited participating candidate, is the spouse or domestic partner of such candidate, or is an entity in which in which an ownership interest of ten percent or more is held by such a candidate or his or her spouse or domestic partner. Code, § 3-703(6)(b)(iii).

273.    Non-Participating Candidate Plaintiff will run for office in the upcoming election, and will seek to raise contributions.  Participating Candidate Plaintiffs have run for election in the past and would like to run for election, but reasonably believe they are unable to mount an effective campaign because of the regulations imposed by the Act, including the reporting requirements found in section 3-703(6).  These plaintiffs reasonably believe that forcing contributors to disclose their personal and employment information discourages contributors from making contributions to their campaigns, thereby unconstitutionally burdening their First Amendment speech and associational rights.

**COMPLAINT**                                      85

274.    Party Plaintiffs seek to place candidates from their party on the ballot for every office in the City elections. They reasonably believe that candidates from their Parties are unable to mount an effective campaign because of the regulations imposed by the Act, including the reporting requirements found in section 3-703(6). These plaintiffs reasonably believe that forcing contributors to disclose their personal and employment information discourages contributors from making contributions to candidates from their Parties, thereby unconstitutionally burdening their candidates' First Amendment speech and associational rights.

275.    Contributor Plaintiffs intend to contribute to candidates of their choice in the upcoming election. They object, however, to the disclosure requirement found in section 3-703(6). It unconstitutionally chills their speech and associational rights and is not closely drawn to a sufficiently important government interest.  Rather, it is overinclusive in that there is no governmental interest in knowing the occupation, employer, and business address of contributors who contribute at such low levels as contemplated by the statute.

276.    The reporting requirement imposed by section 3-703(6) is also unconstitutionally overbroad because it unconstitutionally burdens substantially more associational and speech rights than could possibly be justified by the anti-corruption interest.

277.    WHEREFORE, Plaintiffs respectfully pray the Court to:

(1)    Declare Code, § 3-703(6) facially unconstitutional and unconstitutional as applied;

(2)    Grant Plaintiffs their costs of this action, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

(3)    Grant Plaintiffs such other relief as may be just and equitable.

**COMPLAINT**                                    86

## COUNT XVII

### SECTIONS 3-702(3), 3-703(1-a), AND 3-703(1)(l) IMPERMISSIBLY VIOLATE SECTION 2 OF THE VOTING RIGHTS ACT.

278.    Plaintiffs re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

279.    Hispanic-American Minority Voter Plaintiffs are Hispanic-Americans who are eligible and registered to vote.  All things being equal, they would choose to vote for Hispanic-American candidates, believing them likely to be sympathetic and responsive to the needs and concerns of the Hispanic-American community.  They represent the Hispanic-American Minority Voter Plaintiff class whose membership is composed of all similarly situated Hispanic-Americans who are eligible and registered to vote in New York City.

280.    African-American Minority Voter Plaintiff is an African-American who is eligible and registered to vote.  All things being equal, he would choose to vote for African-American candidates, believing them likely to be sympathetic and responsive to the needs and concerns of the African-American community.  He represents the African-American Minority Voter Plaintiff class whose membership is composed of all similarly situated African-Americans who are eligible and registered to vote in New York City.

281.    Hispanic-American Minority Candidate Plaintiffs are Hispanic-Americans who have previously run for election for office as participating candidates.  They would like to run for office again.  They reasonably believe that they would receive contributions subject to the lower business-dealings contribution limits, which are treated as unmatchable under the Act.  They also reasonably believe that they would have received contributions from LLCs, LLPs and partnerships, but for the

**COMPLAINT**                                87

changes instituted by LL No. 34 which makes those contributions illegal. They reasonably believe that the changes instituted by LL No. 34 with regard to contributions from those having business dealings with the City and the changes with regard to contributions from LLCs, LLPs, and partnerships will prevent them from being able to amass the resources necessary to mount an effective campaign. Consequently, they have determined that they cannot run for office so long as these changes to the law remain in force. Hispanic-American Minority Candidate Plaintiffs represent the Hispanic-American Minority Candidate Plaintiff class whose membership is composed of all similarly situated Hispanic-Americans who would like to run for office in New York City but are unable to raise the funds necessary to do so under the current campaign finance laws.

282.   Section 2 of the Voting Rights Act provides in pertinent part:

   (a)   No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in section 1973b(f)(2) of this title, as provided in subsection (b) of this section.

   (b)   A violation of subsection (a) of this section is established if, based on the totality of circumstances, it is shown that the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) of this section in that its members have less opportunity than

**COMPLAINT**                                              88

other members of the electorate to participate in the political process and to

elect representatives of their choice.

42 U.S.C. § 1973(a), (b).

283.    The Hispanic-American and African-American Minority Voter Plaintiffs reasonably

believe that New York City experiences racial bloc voting, both among whites and among Hispanic-

Americans and among African-Americans, as demonstrated by Dr. Lisa Handley's 2003 study, A

VOTING RIGHTS ACT EVALUATION OF THE NEW YORK CITY REDISTRICTING PLAN (March 18, 2003).

284.    Therefore, Hispanic-American Minority Voter Plaintiffs reasonably believe that New

York City's Hispanic-American community is likely to vote for Hispanic-American candidates as

their candidates of choice. Yet, the changes instituted by LL No. 34 with regard to contributions

from those having business dealings with the City and the changes with regard to contributions from

LLCs, LLPs, and partnerships will reduce or eliminate the ability of the Hispanic-American

community to participate in the political process and elect the community's candidates of choice.

Candidates supported by the Hispanic-American community will not have the financial resources

to become candidates and to campaign for office. This will place the Hispanic-American voting

community in general, and them in particular, in a much weaker position than they were prior to the

implementation of the changes instituted by LL No. 34, by diluting their vote and the vote of the

Hispanic-American voting community.

285.    Similarly, African-American Minority Voter Plaintiff reasonably believes that New

York City's African-American community is likely to vote for African-American candidates as their

candidates of choice. Yet, the changes instituted by LL No. 34 with regard to contributions from

those having business dealings with the City and the changes with regard to contributions from

**COMPLAINT**                                       89

LLCs, LLPs, and partnerships will reduce or eliminate the ability of the African-American community to participate in the political process and elect the community's candidates of choice. Candidates supported by the African-American community will not have the financial resources to become candidates and to campaign for office. This will place the African-American voting community in a much weaker position than they were prior to the implementation of the changes instituted by LL No. 34, by diluting the voting strength of the African-American voting community.

**286.** Therefore, both the Hispanic-American and African-American Minority Voter Plaintiffs complain that the changes instituted by LL No. 34 to New York City's Campaign Finance Law—namely, sections 3-702(3), 3-703(1-a), and 3-703(1)(l) of the Code—are in direct violation of Section 2 of the Voting Rights Act. These changes will act to dilute the vote of the Hispanic-American and African-American communities and their ability to participate in the political process and nominate candidates for office.

**287.** Hispanic-American Minority Candidate Plaintiffs also allege that the challenged sections of the Code constitute a violation of Section 2, but under a different theory than that advanced by Minority Voter Plaintiffs. While acknowledging that most Section 2 cases involve an analysis of how the law acts to disenfranchise *voters*, Minority Candidate Plaintiffs assert that Section 2 is also violated when the law acts to foreclose minority *candidates'* access to amassing the resources necessary to run an effective campaign against their majority-race opponents. In such a situation—when the law has been changed in such a way that its effect is to bar minority *candidates* from the political process—"the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected

**COMPLAINT**                                        90

by subsection (a) of this section." 42 U.S.C. § 1973(b).  Under a totality of circumstances test, a violation of Section 2 should be found.

288.  WHEREFORE, Plaintiffs respectfully pray the Court to:

(1)  Declare that the Code, §§ 3-702(3), 3-703(1-a), and 3-703(1)(l), violates Section 2 of the Voting Rights Act;

(2)  Enjoin the Defendants and all persons acting with them, from administering, implementing or enforcing the contribution limitations and prohibitions found in the challenged provisions;

(3)  Grant Plaintiffs their costs of this action, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 1973l(e), and any other applicable authority; and

(4)  Grant Plaintiffs such other relief as may be just and equitable.

## COUNT XVIII

**THE REPORTING REQUIREMENTS IMPOSED BY SECTION 3-216.1 ARE UNCONSTITUTIONALLY VAGUE.**

289.  Plaintiffs re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

290.  Lobbyist Plaintiffs are required to file a Fundraising and Political Consulting Report if they engage in fundraising or political activity.  On that report, they must list "the total dollar amount raised for each candidate for which such activities were performed." Code, § 3-216.1.

291.  "Fundraising activity" is a defined term.  It means, "*solicitation* or collection of contributions for a candidate for nomination for election, or election, to the office of mayor, public

COMPLAINT                    91

advocate, comptroller, borough president or member of the city council, or for the political

committee of any such candidate by a lobbyist, or the solicitation or collection of contributions for

any public servant who is a candidate for nomination for election, or election, to any elective

office, or for the political committee of any such candidate by a lobbyist." Code, § 3-211(h).

292.    It is not clear from the law what activities *solicitation* would include. The Code does

not "provide people of ordinary intelligence a reasonable opportunity to understand" what activities,

exactly, would qualify as solicitation and so must be reported. *Hill v. Colorado*, 530 U.S. 703, 732

(2000) (quoting *Chicago v. Morales*, 527 U.S. 41, 56–57 (1999). Therefore, section 3-216.1 of the

Code is unconstitutionally vague.

293.    Because the law is vague, it is also unconstitutionally overbroad because it

unconstitutionally burdens substantially more First Amendment activity than could possibly be

justified.

294.    WHEREFORE, Plaintiffs respectfully pray the Court to:

(1)    Declare Code, § 3-216.1 facially unconstitutional and unconstitutional as

applied;

(b)    Grant Plaintiffs their costs of this action, including reasonable attorney's fees,

pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

(3)    Grant Plaintiffs such other relief as may be just and equitable.

**COMPLAINT**                                      92

## COUNT XIX

### THE PROHIBITION AGAINST GIVING GIFTS IMPOSED BY SECTION 3-225 IS UNCONSTITUTIONAL BOTH FACIALLY AND AS APPLIED.

295.    Plaintiffs re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

296.    Lobbyist's-Employee Plaintiff is employed as the secretary of a registered lobbyist. She neither engages in lobbying activity, nor is she registered as a lobbyist.  Because the City requires that she be listed on her employer's statement of registration, she is prohibited from offering or giving any gift to any public servant.  This infringes upon both her First Amendment right to free speech as well as her Fourteenth Amendment right to equal protection, without a compelling governmental interest which should require her rights to be infringed upon.

297.    Even if the government had a compelling interest to justify the Gift Law, it is overinclusive.  It prohibits far more speech than can be justified, including but not limited to the speech of Lobbyist's-Employee Plaintiff and other employees of lobbyists, their spouses or domestic partners, their children, and their spouses' and domestic partners' children.  The Gift Law unconstitutionally prohibits all of these people from giving gifts to public servants.

298.    The Gift Law also suffers from overbreadth, as it unconstitutionally burdens substantially more speech than could possibly be justified by the anti-corruption interest.

299.    WHEREFORE, Plaintiffs respectfully pray the Court to:

(1)    Declare Code, § 3-225 facially unconstitutional and unconstitutional as applied;

**COMPLAINT**                                    93

(2)    Grant Plaintiffs their costs of this action, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

(3)    Grant Plaintiffs such other relief as may be just and equitable.

**COMPLAINT**                                      94

Dated: February 11, 2008

Respectfully Submitted,

James Bopp, Jr. (JB 0781)*
Joe La Rue (JL 2423)*
BOPP, COLESON & BOSTROM
1 South 6th Street
Terre Haute, IN 47807
Phone: (812) 232-2434
Fax: (812) 235-3685
*Lead Counsel for the Plaintiffs*
    * Application for leave to appear pro
hoc vice for this case made by Motion on
February 11, 2008 pursuant to Local Civil
Rule 1.3(c).

Charles Capetanakis (CC 1120)
DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue, 34th Floor
New York, NY 10158
Phone: (212) 557-7200
Fax: (212) 286-1884
*Local Counsel for the Plaintiffs*

**COMPLAINT**

95